UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PAUL JACKSON, #146503, et al.,

        Plaintiffs,

        Case No. 1:17-cv-965

v.

        Honorable Janet T. Neff

MATT SWAB et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Paul Jackson, in conjunction with twelve other Ingham County Jail inmates, has filed a complaint under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. The civil action filing fee is $400.00, or $350.00 when a plaintiff is proceeding *in forma pauperis*. Because there are multiple plaintiffs, each Plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, each Plaintiff is liable for $26.92. Because Plaintiff Jackson has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff Paul Jackson to pay his $26.92 portion of the filing fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his claims be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of his $26.92 share of the filing fee, in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due

process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. The Court has dismissed at least three of Plaintiff's lawsuits for failure to state a claim. *See Jackson v. Allegan County Jail et al.*, No. 1:07-cv-1086 (W.D. Mich. Feb. 25, 2008); *Jackson v. Martin et al.*, No. 1:03-cv-367 (W.D. Mich. June 30, 2003); *Jackson v. Hall et al.*, No. 1:03-cv-332 (W.D. Mich. May 22, 2003). In addition, Plaintiff Jackson has been denied leave to proceed *in forma pauperis* in multiple prior cases. *See Jackson v. Ingham Cty. Jail et al.*, No. 1:17-cv-463 (W.D. Mich. June 20, 2017); *Artis et al. v. Ingham Cty. Jail et al.*, No. 1:17-cv-516 (W.D. Mich. June 19, 2017); *Jackson et al. v. Ingham Cty. Jail et al.*, No. 1:17-cv-237 (W.D. Mich. Mar. 23, 2017); *Jackson v. 48th Cir. Court et al.*, No. 1:07-cv-1164 (W.D. Mich. Apr. 21, 2008); *Jackson v. Merrill et al.*, No. 1:07-1275 (W.D. Mich. Apr. 14, 2008); *Jackson v. Meijer, Inc. et al.*, No. 1:07-cv-1250 (W.D. Mich. Apr. 14, 2008); *Jackson v. Nancy et al.*, No. 1:07-cv-1122 (W.D. Mich. Apr. 14, 2008). Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g).

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay his entire $26.92 portion of the civil action filing fee. When Plaintiff pays his portion of the filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fee within the 28-day period, this case will be dismissed without

prejudice, but Plaintiff will continue to be responsible for payment for his $26.92 portion of the filing fee.


Dated: November 16, 2017                          /s/ Janet T. Neff  
                                                                  Janet T. Neff  
                                                                  United States District Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:  
Clerk, U.S. District Court  
399 Federal Building  
110 Michigan Street, NW  
Grand Rapids, MI 49503  

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**