UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL JACKSON, #146503,
PATRICK MCPHERSON #89400,
NORMAN KUHN #157679,
ANDREW WILLSON #158213,
JARED DANSBY #74056,
DANNY DOWDY #158166,
GEORDAN ARTIS #155321,
BRAD COURNAYA #85449,
JORDAN AUTRY #130857,
DEQUARIES JACKSON #157019,
KELLY WILLIAMS #133241,
IMARI HILLARY #157770, and
DAVID POSITANO #96610,

        Plaintiffs,                      Case No. 1:17-cv-965

v.                                          Honorable Janet T. Neff

MATT SWAB, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action filed by thirteen individuals detained at the Ingham County Jail. Plaintiffs initially filed a joint, incomplete motion to proceed *in forma pauperis* (ECF No. 2). Plaintiffs also filed a joint motion to compel Defendants to produce six-month prisoner trust account statements so that they could apply for leave to proceed *in forma pauperis* (ECF No. 3).

On November 16, 2017, the Court issued an opinion and order (ECF Nos. 4, 5) denying Plaintiff Paul Jackson's motion to proceed *in forma pauperis*, because he was not entitled

to pauper status under the three-strikes rule of 28 U.S.C. § 1915(g). The Court required him to pay one-thirteenth of the civil action filing fee, or $26.92. On that same date, the Court issued a deficiency order to the remaining Plaintiffs (ECF No. 6), indicating that each of them was liable for one-thirteenth of the civil action filing fee, or $26.92. The Court also advised Plaintiffs that it would hold their motion to compel in abeyance until after they had filed individual motions to proceed *in forma pauperis* along with affidavits of indigence. The Court directed Plaintiffs to cure their deficiencies within 28 days by either paying their $26.92 portion of the filing fee or by applying to proceed *in forma pauperis* by filing an affidavit of indigence and attempting to acquire a certified copy of their jail trust account statements.

Plaintiff Paul Jackson has since paid his $26.92 portion of the filing fee, and Plaintiff Kelly Williams has filed a motion for leave to proceed *in forma pauperis* (ECF No. 9). None of the other plaintiffs have responded to the Court's order. Upon review, the Court finds that all plaintiffs other than Plaintiff Paul Jackson should be dismissed due to misjoinder. The Court will require Plaintiff Jackson[1] to pay the remainder of the $400.00 filing fee.[2] If he does not do so, the case will be dismissed for failure to prosecute. In addition, the pending motions will be denied as moot.

I. <u>Misjoinder</u>

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of Am. v. Gibbs*,

---

[1] When the Court refers to "Plaintiff Jackson" in this Opinion, it is referring to Paul Jackson, not Dequaries Jackson.

[2] The Court initially calculated the full filing fee as $350.00, but that fee applies to prisoners who are entitled to proceed *in forma pauperis*. Because Plaintiff Jackson will be the only remaining plaintiff in this action, and because he is not entitled to proceed *in forma pauperis*, he must pay the full $400.00 filing fee applicable to those who are not entitled to proceed *in forma pauperis*.

383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free rein to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (dismissing complaint against multiple defendants arising out of different transactions and occurrences); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (affirming partial dismissal of complaint against defendants that were not involved in the same transaction or occurrence as the others); *Coughlin v. Rogers*, 130 F.3d 1348, 1250 (9th Cir. 1997) (affirming dismissal of 48 plaintiffs from the action because they were misjoined). This is particularly true when prisoners seek to join multiple plaintiffs in a single lawsuit, because the circumstances of confinement are not compatible with such litigation. *See Boretsky v. Corzine*, No. 08–2265, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008) (collecting cases and noting difficulties such as the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation"). Additionally, prisoners seeking to bring civil rights actions challenging the conditions of their confinement have individual and specific hurdles to overcome, such as venue, stating a valid claim for relief, demonstrating exhaustion of administrative remedies, and complying with the applicable statute of limitations, which makes multi-party litigation difficult. *See Fisher v. Taylor*, No. 10–3991(RBK), 2010 WL 3259821, at *3 (D.N.J. Aug. 17, 2010) (stating that joinder may not be appropriate where a separate determination is required to determine whether plaintiffs have complied with the exhaustion requirement of 42 U.S.C. § 1997e(c)).

Furthermore, prisoners should not be allowed to proceed with multiple-plaintiff litigation in order to circumvent the filing fee requirements for federal civil actions or the Prision

Litigation Reform Act's (PLRA's) "three strikes" provision. *See George*, 507 F.3d at 607 (noting that prisoner's attempt to join 50 claims in one action was an improper attempt to avoid the three-strikes rule in 28 U.S.C. § 1915(g)). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). The "three-strikes" provision requires the collection of the entire filing fee after the dismissal for frivolousness or failure to state a claim of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). This provision was intended to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

Rule 18 of the Federal Rules of Civil Procedure governs the joinder of claims and Rule 20 governs the permissive joinder of parties. Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(1) addresses when multiple plaintiffs may bring a joint action: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." When multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009). Thus, when joining multiple plaintiffs in a single action, the two-part test of Rule 20(a)(1) must be met.

Plaintiff Jackson is the first-named plaintiff in this action. Plaintiff alleges that he was arrested on eight occasions in 2015 and 2016 without a warrant or judicial finding of probable cause prior to his arrest. (Compl., ECF No. 1, PageID.21.) He asserts that he was arrested pursuant to a criminal complaint that was signed by a prosecutor but was not approved by the court. The complaint also alleges that Plaintiffs Brad Cournaya, Kelly Williams, and Dequaries Jackson were arrested under similar circumstances in 2001, 2011, 2014, and 2017, though the arrests occurred at different times and the prosecutors signing the criminal complaints were different. (*Id.*, PageID.25.) In addition, the complaint alleges that the other nine plaintiffs were arrested in the same improper manner, but the complaint does not allege specific details about their arrests.

Here, Plaintiffs have failed to meet the two-part test of Rule 20(a) for the joinder of multiple plaintiffs. While all Plaintiffs bring claims concerning their arrests, their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences—such claims are personal to them and involve distinct factual scenarios even though the applicable legal standards may be the same. *See Proctor*, 661 F. Supp. 2d at 779 (finding claims factually unrelated even though plaintiffs alleged that defendants subjected them to the same or similar treatment); *Harris v. Spellman*, 150 F.R.D. 130, 132 (N.D. Ill. 1993) (similar procedural errors did not convert independent prison disciplinary hearings into same transaction or occurrence). Each of the plaintiffs was arrested at different times under different circumstances, and different defendants were involved. An examination of whether their arrests and subsequent detention were appropriate under the Fourth Amendment will require an individualized assessment of each

instance. In these circumstances, joinder of multiple plaintiffs in this one civil rights action is inappropriate.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

Several courts have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)). Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Bldg. Co.*, 848 F.2d at 682.

The Court will dismiss all plaintiffs from the action other than the first-named plaintiff, Plaintiff Jackson. A dismissal without prejudice will not cause gratuitous harm because

the other plaintiffs can pursue their claims individually in separate actions. Moreover, dismissal will not impact the timeliness of Plaintiffs' claims because "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

II. Filing Fee

The Court previously determined that Plaintiff Jackson was not entitled to proceed *in forma pauperis*, and that he is required to pay one-thirteenth of the filing fee because there are thirteen plaintiffs in this action. Upon review, the Court finds that Plaintiff should be required to pay the entire filing fee. As indicated in the previous section, the joinder of parties should not be used as a mechanism to avoid the requirements of the "three strikes" provision in § 1915(g), yet it appears that Plaintiff Jackson intended to do just that. Plaintiff Jackson is not eligible to proceed *in forma pauperis* because he has already filed three lawsuits that were dismissed because they were frivolous or failed to state a claim. By joining his claim in this action with twelve other individuals, he was able to reduce his share of the $400.00 filing fee to $26.92. However, eleven of the other plaintiffs have failed to prosecute their claim, which suggests that their presence in this action was solely for Plaintiff Jackson's benefit.[3]

Moreover, this is not the first case in which Plaintiff Jackson has joined with other individuals in an apparent attempt to reduce his share of the filing fee. In *Jackson et al. v. Ingham County Jail et al.*, No. 1:17-cv-237 (W.D. Mich.), he joined with two other plaintiffs. In *Artis et*

---

[3] The Court ordered all Plaintiffs other than Plaintiff Jackson to pay their share of the filing fee or file an application for leave to proceed *in forma pauperis*. Plaintiff Williams is the only one who complied with this order. If the Court were not already dismissing the other plaintiffs due to misjoinder, it would dismiss them for lack of prosecution and failure to comply with the Court's order.

*al. v. Ingham County et al.* No. 1:17-cv-516 (W.D. Mich.), he joined with seven other plaintiffs. Allowing Plaintiff to improperly join claims with other plaintiffs and avoid the full filing fee would permit him to circumvent the restrictions in 28 U.S.C. § 1915(g). Accordingly, the Court will require Plaintiff to pay the full filing fee within 28 days, and if he does not do so, the Court will dismiss the action without prejudice.

### III. Pending Motions

Plaintiffs' joint motion for an order compelling the jail to provide trust account statements for Plaintiffs (ECF No. 3) is moot because the Court has already determined that Plaintiff Jackson is not entitled to proceed *in forma pauperis* and the other plaintiffs will be dismissed due to misjoinder. Thus, the motion will be denied.

Plaintiff Kelly Williams's application for leave to proceed *in forma pauperis* (ECF No. 9) is also moot because he will be dismissed from the action. Consequently, his application will be denied.

An order will enter consistent with this Opinion.


Dated:  January 23, 2018                    /s/ Janet T. Neff
                                            Janet T. Neff
                                            United States District Judge